COURT OF APPEALS
DECISION
DATED AND FILED

August 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1837**

STATE OF WISCONSIN

Cir. Ct. No. **2011CV18551**

IN COURT OF APPEALS
DISTRICT I

SCOTT SMITH,

PLAINTIFF-RESPONDENT,

ALPHA CARGO TECHNOLOGY LLC,

PLAINTIFF,

V.

GREG KLEYNERMAN AND RED FLAG CARGO SECURITY SYSTEMS LLC,

DEFENDANTS-APPELLANTS.

APPEAL from an order of the circuit court for Milwaukee County: LINDSEY GRADY, Judge. *Reversed and cause remanded with directions*.

Before White, C.J, Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   The underlying litigation in this case has spanned well over a decade.  This appeal arises from a circuit court decision and order denying in part Greg Kleynerman's application for an order of satisfaction of judgment due to bankruptcy pursuant to WIS. STAT. § 806.19(4) (2021-22).[1]  For the reasons set forth below, we reverse and remand this case and instruct the circuit court to enter an order:  (1) indicating that the judgment at issue is satisfied in full; and (2) directing the Clerk of the Circuit Court to denote the full satisfaction of the judgment on Wisconsin's judgment and lien docket.

## BACKGROUND

¶2      Scott Smith and Kleynerman owned a company together, Alpha Cargo Technology LLC ("Alpha Cargo").   In 2011, Smith filed a complaint asserting multiple claims over the sale of certain asserts held by Alpha Cargo.

¶3      In 2014, a jury awarded Smith $499,000 in monetary damages.[2]  The circuit court entered an order for a money judgment, and the judgment was docketed on September 15, 2017.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Kleynerman appealed the jury award and this court affirmed.  ***Smith v. Kleynerman***, No. 2015AP207, unpublished slip op. (WI App June 16, 2016).  Our supreme court accepted review and an equally divided court affirmed this court's decision without issuing a separate opinion. ***Smith v. Kleynerman***, 2017 WI 22, 374 Wis. 2d 1, 892 N.W.2d 734.

¶4      In January 2018, Smith applied for the entry of a charging order against Kleynerman's interest in Red Flag Cargo Security Systems LLC ("Red Flag") as a means of satisfying the judgment.  *See* WIS. STAT. § 183.0705 (2017-18) (stating that "[o]n application to a court of competent jurisdiction by any judgment creditor or member, the court may charge the member's limited liability company interest with payment of the unsatisfied amount of the judgment").[3]

¶5      In March 2018, the circuit court entered a charging order against Kleynerman's interest in Red Flag.  The charging order included the following two provisions:

> [Kleynerman's] interest in [Red Flag] is subjected to a charging order in favor of and for the benefit of Smith in the amount of Smith's unsatisfied judgment against Kleynerman; and

> [Red Flag] shall pay to Plaintiff Smith, any and all present and future distributions or draws that Kleynerman may be entitled to as a member of [Red Flag], until the judgment is satisfied in full, including interest and costs.

¶6      Subsequently, in July 2018, Kleynerman filed a voluntary petition for bankruptcy under Chapter 7 in federal court.  On December 12, 2019, Kleynerman was granted a discharge.  Kleynerman believed that the discharge rendered the charging order unenforceable.

¶7      In March 2021, Smith's counsel sent a letter to Red Flag asserting that Kleynerman's bankruptcy discharge did not avoid or eliminate Smith's lien against Kleynerman's interest in Red Flag.

---

[3] We note that Chapter 183 was repealed and recreated in 2021.  *See* 2021 Wis. Act 258, § 616.  The current version of WIS. STAT. § 183.0705 contains different language.

¶8 In April 2021, Kleynerman filed an "Application for Order of Satisfaction of Judgment(s) Due to Discharge in Bankruptcy." The application sought to have Smith's judgment satisfied pursuant to WIS. STAT. § 806.19(4). Smith objected.

¶9 After a hearing, Smith sought an order finding that the application did not eliminate his personal property judgment lien against Kleynerman's interest in Red Flag. Smith asserted in pertinent part that WIS. STAT. § 806.19(4) only eliminates a lien on real property, not personal property.

¶10 On September 9, 2021, the circuit court issued a written decision and order denying the application "as it relates to personal property, specifically Kleynerman's interest in Red Flag," and granting the application "only as it relates to real property."

¶11 Subsequently, Kleynerman and Red Flag filed a motion seeking "clarification and/or reconsideration" of the circuit court's decision. The motion requested clarification regarding whether the judgment was deemed satisfied. In addition, the motion requested clarification regarding the continued enforceability of the charging order.

¶12 The circuit court addressed the motion at a hearing. The court stated that it was "not reconsidering the decision." The court, however, ordered counsel for the parties to confer and attempt to agree on a solution that would provide satisfaction with respect to Kleynerman's real property. The parties were unable to agree on a resolution and the court did not take any further action.

¶13 Kleynerman and Red Flag appeal. Additional relevant facts are discussed below.

**DISCUSSION**

¶14     On appeal, Kleynerman and Red Flag contend that the circuit court failed to properly satisfy the judgment pursuant to WIS. STAT. § 806.19(4), and the charging order is unenforceable.

¶15     To start, we consider whether the issues in this appeal have been rendered moot by additional federal litigation that has taken place during the pendency of this appeal. "An issue is moot when its resolution will have no practical effect on the underlying controversy." *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. Generally, appellate courts decline to reach moot issues. *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509.

¶16     Following the circuit court's decision underlying this appeal, Kleynerman sought to reopen his bankruptcy case and have the bankruptcy court enter an order providing that the $499,000 debt and the lien on Kleynerman's interest in Red Flag no longer exists. The bankruptcy court issued a written decision reopening the case and ordered in relevant part that Smith's charging order lien on Kleynerman's interest in Red Flag was "avoided in its entirety," which the Seventh Circuit Court of Appeals ultimately affirmed. *In re Gregory Kleynerman*, 93 F.4th 1071, 1075 (7th Cir. 2024). Smith did not seek review of the Seventh Circuit Court of Appeals' decision in the United States Supreme Court.[4]

---

[4] We held this appeal in abeyance pending the Seventh Circuit Court of Appeals' decision. After the Seventh Circuit's decision was released, the parties submitted additional filings addressing whether the decision rendered this appeal moot.

¶17    Smith contends that based on the Seventh Circuit's decision, "there is nothing more for this [c]ourt to decide that will have a practical impact on these parties."

¶18    Kleynerman and Red Flag agree that the issue of whether the charging order needs to be eliminated is now moot based on the Seventh Circuit's decision.    However, they contend that this court should still address the satisfaction of judgment issue.

¶19    Based on Kleynerman and Red Flag's concession that the charging order issue is now moot, we decline to address this issue.  *See J.W.K.*, 386 Wis. 2d 672, ¶12.   However, we address the merits of the satisfaction of the judgment issue.   Kleynerman and Red Flag assert, and Smith does not refute, that Wisconsin's judgment and lien docket continues to show that Smith's judgment is unsatisfied, and operates as a lien on any Milwaukee County real estate Kleynerman owns.   *See* WIS. STAT. § 806.15(1) (stating that "[e]very judgment properly entered in the judgment and lien docket showing the judgment debtor's place of residence shall, for [ten] years from the date of entry, be a lien on all real property of every person against whom the judgment is entered").   Thus, we agree the unsatisfied judgment continues to have a "practical effect" on Kleynerman.  *See PRN Assocs.*, 317 Wis. 2d 656, ¶25.

¶20    Kleynerman and Red Flag argue that the satisfaction of judgment application in this case fulfilled all the requirements set forth in WIS. STAT. § 806.19(4)(a)-(c), thus, the judgment is required to be fully satisfied.

¶21    When interpreting a statute, we start with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  If the meaning of the words of a statute is plain, we stop

our inquiry and apply the words chosen by the legislature. *Id.* "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes[.]" *Id.*, ¶46. We review the language of a statute *de novo*. *Clean Wis., Inc. v. DNR*, 2021 WI 72, ¶10, 398 Wis. 2d 433, 961 N.W.2d 611.

¶22 WISCONSIN STAT. § 806.19(4)(a) provides that:

> Any person who has secured a discharge of a judgment debt in bankruptcy and any person interested in real property to which the judgment attaches may submit an application for an order of satisfaction of the judgment and an attached order of satisfaction to the clerk of the court in which the judgment was entered.

Section 806.19(4)(b) details the form in which an application filed under section (4)(a) must be made and what information needs to be included. Section (4)(bm) requires that the copy of the order of bankruptcy discharge attached shall be either a certified copy or a photocopy, and section (4)(c) requires that any person submitting such an application shall serve a copy of the application and attached proposed order on each judgment creditor within five business days after the date of submission.

¶23 Here, Smith does not dispute that Kleynerman's application complied with the requirements set forth in WIS. STAT. § 806.19(4)(a)-(c). The application is in a similar form as the template provided in section (4)(b), the application includes a photocopy of the discharge order as required by section (4)(bm), and Kleynerman filed an affidavit of mailing demonstrating full compliance with the service requirements for application pursuant to section (4)(c). Thus, we conclude that the circuit court erred in refusing to deem the judgment fully satisfied.

¶24 Therefore, we reverse and remand with instructions for the circuit court to enter an order indicating that the judgment is satisfied in full and directing the Clerk of the Circuit Court to denote the full satisfaction of the judgment on Wisconsin's judgment and lien docket.[5]

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] *See* WIS. STAT. § 806.19(4)(d) (stating that after a judge has signed an order granting an application for satisfaction, "the clerk shall satisfy of record each judgment described in the application").